# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAINE CLAYTON,<br><br>        Plaintiff,<br><br>vs.<br><br>STEVEN SMITH, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00309-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Blaine Clayton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 9.)

On October 6, 2016, Plaintiff filed a complaint in the United States District Court for the Eastern District of California, Sacramento Division. (ECF No. 1.) On March 3, 2017, this action was transferred to the United States District Court for the Eastern District of California, Fresno Division, based upon proper venue. (ECF No. 6.)

Plaintiff's complaint is currently before the Court for screening.

**I.    <u>Screening Requirement and Standard</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at Mule Creek State Prison, located in Ione, California. The events in the complaint are alleged to have occurred at the Sierra Conservation Center ("SCC"). Plaintiff names the following defendants: (1) Dr. Steven Smith, a physician at SCC; (2) Dr. W. Savage, a physician at SCC; (3) Dr. Lor, DDS, a dentist at SCC; and (4) Dr. T. McDow, a supervising dentist at SCC.

Plaintiff alleges as follows: In May 2014, Plaintiff was jumped by five inmates at SCC. Immediately after the attack, and in a state of shock, Plaintiff was unaware that he had a broken

jaw. Within hours of feeling the pain, and being unable to chew or speak properly, Plaintiff reported his injuries to a nurse in administrative segregation (ad-seg). After such incidents, all inmates are housed in ad-seg, whether victim or aggressor.

Upon placement in ad-seg, Plaintiff complained to the nurse, who then went to the doctor and had Plaintiff placed on a liquid diet. The nurse is not a defendant in this case, as she is the only person that ordered medical care for Plaintiff without denying, delaying, or interfering with said care.

Plaintiff was suffering from a broken jaw. Yet it took four days for medical staff to treat Plaintiff. Even then, the treatment provided was basic x-rays. Now, medical staff is certain Plaintiff suffers from a broken jaw, as there is now medical diagnostic proof of such.

Dr. Smith was the first person to see Plaintiff. After reviewing the x-rays, Dr. Smith told Plaintiff, "Your jaw isn't broken." Plaintiff then told Dr. Smith that he did not believe him, as he had already reviewed the x-rays with other staff, and they showed him where his jaw was broken. To this, Dr. Smith replied, "You're lucky I'm even seeing you, according to the deal we have with the state, I cannot treat you for 30 days." Due to the indifference of Dr. Smith, Plaintiff was needlessly forced to suffer in pain and without medical care.

Approximately five days after the confrontation with Dr. Smith, Plaintiff was seen by Dr. Lor. Additional x-rays were taken, and again it was confirmed that Plaintiff's jaw was broken. Dr. Lor told the Plaintiff that the supervising dentist was spoken to, and that Plaintiff would be seeing an oral surgeon. Dr. T. McDow never followed-up on the specialist visit, nor did Dr. Lor or any of the other defendants. This is a pattern of indifference, or pure neglect. Each doctor/defendant had a professional and ethical obligation to ensure Plaintiff was treated in a timely and adequate manner. Yet none of the defendants did what is required of them under the medical procedures of the California Department of Corrections and Rehabilitation ("CDCR"), or the Eighth Amendment.

Dr. Savage was the other doctor supposedly treating Plaintiff. He too neglected to ensure Plaintiff was treated in a timely or adequate manner.

*///*

1    Each of the listed defendants has set guidelines under the medical policies of CDCR, as well as the Eighth Amendment. These well-established rules and regulations were not followed.

Plaintiff has suffered permanent effects from these acts, and will provide medical proof of such upon request. Plaintiff was also extremely damaged on an emotional level. Dr. Jensen, Plaintiff's psychiatrist, documented Plaintiff's pain and suffering throughout this incident, and even attempted to obtain medical help for Plaintiff by calling supervisors.

On appeal of the treatment Plaintiff was not receiving, CDCR staff claim there was a delay in getting a doctor to the prison to see Plaintiff. Assuming this was true, there are measures in place to have people treated when it is of an urgent nature. A broken jaw is the type of case that falls within these measures. Rather than simply ignore Plaintiff's urgent need for medical care, CDCR staff were required to take the Plaintiff to an outside medical facility to correct his medical condition. This goes too for relief from Plaintiff's pain and suffering. Had any of these acts occurred, it would be unnecessary for Plaintiff to have appealed this issue, or brought this action before this court.

Each defendant had personal knowledge of Plaintiff's injuries, as well as his pain and suffering, yet no defendant ensured that medical care was provided to Plaintiff, or followed-up on treatment claimed to have been ordered. Negligence is the failure to act when a reasonable person would have taken some form of action under the same set of circumstances.

CCR Title 15 specifically states: "Each facility shall maintain contractual arrangements with local off-site agencies for those health services deemed to be medically necessary as defined in section 3350(b)(1), and are not provided within the facility." (CCR Title 15 § 3050.2) Medically necessary means: "Health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness, disability, or alleviate severe pain." (CCR Title 15 § 3050(b) (1).)

Plaintiff submitted numerous requests for medical needs so that he could have his pain managed, but his requests fell on deaf ears. Plaintiff told Drs. Smith and Savage at least five times that he was still in pain and that the Tylenol they were giving him was ineffective.

///

4

Each defendant was verbally placed on notice of Plaintiff's suffering, and they also had documented medical evidence he was injured. Despite his obvious injuries, Plaintiff was forced to suffer for three weeks before his jaw was set and wired shut. This entire time, medical staff was aware of Plaintiff's suffering, as well as his being unable to do anything about it because he is being housed in solitary confinement.

The defendants in this case disregarded well established procedures, and left Plaintiff to suffer in administrative segregation with a broken jaw. Plaintiff needlessly suffered by the failure of these defendants actions, and whether this was professional negligence, or medical negligence, is a matter for this court to decide.

Dr. Lor was a treating dentist. It was Dr. Lor's medical and professional duty to ensure that Plaintiff received medical care for his broken jaw. Dr. T. McDow was the supervising dentist responsible for Plaintiff's care. After being advised by the medical staff involved, and reviewing the x-rays, Dr. T. McDow had a duty under state and federal law to ensure health care was provided to Plaintiff. (Neither defendant did as required by the Constitution, or state law in this case.)

Plaintiff asserts a claim for deliberate indifference in violation of the Eighth Amendment, and state law claims of medical negligence/malpractice. Plaintiff requests $250,000 in damages as well as for defendants to cover any future medical costs related to these proceedings.

### III. Deficiencies of Complaint

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

While Plaintiff's complaint is a short statement of his claims, much of Plaintiff's allegations are conclusory statements, recitations of the elements of a cause of action, or legal arguments. Plaintiff includes some facts, but the complaint tends to lump together defendants and their actions, and many statements are mere generalities.

A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2). If Plaintiff chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his claims for relief against the named defendants. Plaintiff should describe what happened, when it happened, and who was involved. Specific deficiencies are discussed in more detail below.

### B.     Serious Medical Need

Plaintiff complains that all defendants violated the Eighth Amendment by delaying treatment for his broken jaw and by failing to properly manage his pain.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976)).

The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must actually make the inference. Farmer, 511 U.S. at 837.

///

"Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The indifference must be substantial, and "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Differences of medical opinion between the prisoner and health care providers also do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). An "isolated exception" to the defendant's "overall treatment" of the prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096.

Based on these standards, the Court turns to evaluating Plaintiff's claims against each defendant.

**1.  Dr. Steven Smith**

Plaintiff alleges that Dr. Smith reviewed x-rays, and told Plaintiff his jaw was not broken. Plaintiff disagreed, because he had already reviewed the x-rays with other staff, and they showed him where his jaw was broken. Dr. Smith then stated that he was not allowed to treat Plaintiff for

30 days. Plaintiff was then seen by a dentist, Dr. Lor, five days later and had more x-rays. Plaintiff also told Dr. Smith on repeated occasions that he was still in pain, and the Tylenol he was being given was ineffective.

At the pleading stage, Plaintiff's allegations that his jaw was broken, causing him pain and difficulty chewing and speaking, are sufficient to demonstrate a serious medical need which satisfies the first prong of the test for showing deliberate indifference to a serious medical need in violation of the Eighth Amendment. However, Plaintiff's allegations are insufficient to satisfy the second, subjective prong. Plaintiff alleges some facts suggesting a disagreement in diagnoses between Dr. Smith and other medical professionals, or a misdiagnosis. Plaintiff's claims may amount to negligence or malpractice, but negligence does not support a constitutional claim of deliberate indifference.

Although Plaintiff alleges that Dr. Smith stated he was not allowed to treat Plaintiff for 30 days, Plaintiff also alleges that Dr. Smith provided some Tylenol for pain, and that shortly after his initial visit with Dr. Smith, Plaintiff was seen by a dentist for x-rays and a consultation. These facts suggest that Dr. Smith provided treatment for Plaintiff's medical condition, not that he was deliberately indifferent to Plaintiff's medical needs. Plaintiff must allege facts showing what objectively necessary treatment or care was denied. Plaintiff also must show what harm was caused by any denial, delay, or interference with his medical care or treatment. His conclusory allegation of "permanent effects" from the defendants' acts generally, is insufficient.

Plaintiff also makes some general allegations that he saw Dr. Smith (and Dr. Savage) on some unspecific number of occasions, and complained his Tylenol was ineffective. An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication can, in some circumstances, give rise to a constitutional claim. However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff's conclusory allegations regarding his treatment with Tylenol are insufficient to state a claim. Plaintiff must allege facts showing how each defendant was involved in his care,

what they knew of his complaints, how they responded, or what they said about treating or not treating him.

### 2. Dr. W. Savage

Plaintiff's alleges that Dr. Savage was "supposedly treating" Plaintiff and "neglected to ensure Plaintiff was treated in a timely or adequate manner." Plaintiff also, as noted above, alleges that he saw Dr. Savage (and Dr. Smith) on some unspecified occasions and complained his Tylenol was ineffective.

These allegations are too conclusory to state any claim. They give insufficient facts about any acts or omissions that violated Plaintiff's constitutional rights. Plaintiff must meet the standards explained above.

### 3. Dr. Lor and Dr. T. McDow

Plaintiff alleges that he was seen by Dr. Lor, a dentist, that additional x-rays were taken, and it was confirmed Plaintiff's jaw was broken. Dr. Lor told Plaintiff a supervising dentist was spoken to, and Plaintiff would see an oral surgeon. Although it is unclear, Plaintiff's allegations suggest that this supervising dentist was Dr. McDow.

Plaintiff alleges that Dr. Lor and Dr. McDow did not follow-up on the specialist visit. Plaintiff also alleges that after being advised by the medical staff involved, and reviewing Plaintiff's x-rays, Dr. McDow had a duty to ensure health care was provided, which he failed to do. Sometime later, within three weeks, Plaintiff's jaw was set and wired shut.

Plaintiff's allegations are again conclusory, and insufficient to show that either Dr. Lor or Dr. McDow was deliberately indifferent to Plaintiff's medical condition. Although Plaintiff alleges some delay in seeing an oral surgeon, and that these doctors did not follow-up, it is unclear what the length of delay was, what harm was caused by the delay, if any, what these doctor's knowledge was of Plaintiff's condition, and how they responded or failed to respond. Thus, Plaintiff has not alleged sufficient facts to meet the subjective element of a claim for deliberate indifference against these defendants.

Plaintiff will be permitted an opportunity to amend his claims against all defendants, to the extent he may do so in good faith.

### C. State Law Claims

Plaintiff attempts to bring a state law claim for medical malpractice. Plaintiff also makes general allegations that certain state law codes were violated. However, as noted above, Plaintiff has not stated any cognizable claim for relief based upon a violation of his federally-protected rights.

The Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims, and this case presents no exception. 28 U.S.C. § 1367(c)(3). Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); see Davis v. Kissinger, No. CIV S–04–0878 GEB DAD P, 2009 WL 256574, * 12 n. 4 (E.D. Cal. Feb. 3, 2009).

Thus, at this time, the Court declines to screen any state law claims Plaintiff purports to bring in this action.

### CONCLUSION AND ORDER

The Court finds that Plaintiff has not stated a cognizable federal claim against any of Defendants in his complaint. The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted).

///

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927.  Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed October 6, 2016 (ECF No. 1), is dismissed with leave to amend;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for the failure to state a claim, to obey a court order, and to prosecute.**

IT IS SO ORDERED.

Dated: **June 16, 2017**                 /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE