# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAINE CLAYTON, | Case No.: 1:17-cv-00309-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| vs. | (ECF No. 20) |
| STEVEN SMITH, et al., | |
| Defendants. | |

Plaintiff Blaine Clayton is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for assignment of counsel with supporting memorandum of points and authorities and a declaration, filed on December 29, 2017. (ECF No. 20.) Plaintiff seeks appointed counsel on the grounds that he has no income to hire counsel, has no legal knowledge, and has contacted counsel to hire, but none will accept his suit. Plaintiff has attached some letters from attorneys who have declined to represent him. Finally, Plaintiff asserts that the legal resources available to him are minimal, and that his case is complex.

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating

counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff has not yet stated any cognizable claim, but the Court finds he is adequately able to articulate the facts and allegations of his asserted claim, and is providing him an opportunity to amend his complaint. Claims, such as Plaintiff's in this case, concerning denied lack of sufficient medical care are commonly brought by prisoners without counsel before this Court. Additionally, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Finally, at this early stage in the litigation, the Court cannot make any determination that Plaintiff is likely to succeed on the merits. Therefore, the Court does not find exceptional circumstances here warranting a search for voluntary counsel to appoint in this case.

For these reasons, Plaintiff's motion to appoint counsel, filed on December 29, 2017 (ECF No. 20), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 3, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE