# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAINE CLAYTON,<br><br>        Plaintiff,<br><br>vs.<br><br>STEVEN SMITH, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00309-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR THE FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 28)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Blaine Clayton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed March 26, 2018. (Doc. 28.)

**I.**    <u>Screening Requirement and Standard</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff names the following defendants, employed at the Sierra Conservation Center ("SCC"): (1) Dr. Steven Smith, a physician at SCC; (2) Dr. Krpan, a supervising physician at SCC; (3) Dr. Lor, DDS, a dentist at SCC; and (4) Dr. T. McDow, a supervising dentist at SCC.

Plaintiff alleges as follows: On May 30, 2014, Plaintiff was jumped by five other inmates and placed in ASU. Plaintiff complained to a nurse of extreme pain in the left lower jaw. Dr. Kapan ordered x-rays on June 2, 2014, and a follow-up doctor visit.

On June 3, 2014, x-rays were taken, confirming a left sided mandibular fracture. The same day, Dr. Smith saw Plaintiff, stating, "Your jaw isn't broken. You're fine." Plaintiff told Dr. Smith that the x-rays showed a fracture. Dr. Smith stated, "I could not see you for thirty days if I wanted. You're lucky I'm even seeing you."

On June 4, 2014, Dr. Lor was the dentist on the yard, and saw Plaintiff, took x-rays, again showing a fractured jaw. Dr. Lor then told Plaintiff, "Your jaw needs to be plated or wired shut by an oral surgeon." Dr. Lor called Dr. McDow to conspire with him. Dr. McDow talked with Dr. Lor about Plaintiff's fractured jaw and agreed that the jaw needed to be treated by an oral surgeon, and set an appointment for June 6, 2014. Afterwards, the oral surgeon rescheduled for June 20, 2014.

On June 20, 2014, Plaintiff's jaw was wired shut.

### III. Deficiencies of Complaint

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976)).

The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must actually make the inference. *Farmer*, 511 U.S. at 837.

"Deliberate indifference is a high legal standard." *Id*. at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The indifference must be substantial, and "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Differences of medical opinion between the prisoner and health care providers also do not violate the Eighth

Amendment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Lyons v. Busi*, 566 F. Supp. 2d 1172, 1191-1192 (E.D. Cal. 2008). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with medical treatment . . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1998)). However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002); *McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). An "isolated exception" to the defendant's "overall treatment" of the prisoner does not state a deliberate indifference claim. *Jett*, 439 F.3d at 1096.

In this case, Plaintiff has previously filed a complaint and an amended complaint. The Court notes that although Plaintiff has made a short and plain statement in this current second amended complaint, he has omitted factual allegations from his original complaint and first amended complaint regarding treatments that he received. For example, Plaintiff has omitted facts previously alleged about medications, consultations and x-rays provided by Defendants. Although a plaintiff may make clarifications in an amended pleading, the Court is not required to ignore omissions of fact or contradictions of fact in later pleadings. *See Gabarrete v. Hazel*, No. 1:11-CV-00324-MJS PC, 2012 WL 1966023, at *3 (E.D. Cal. May 31, 2012). Thus, the Court will consider omitted factual allegations in the previous pleadings.

Here, Plaintiff asserts a claim based on Dr. Smith's alleged statements at the June 3, 2014 appointment, and based on his allegations that his jaw was not wired shut from June 3, 2014 until June 20, 2014. However, Plaintiff previously alleged that after Dr. Smith saw Plaintiff and made the statements, he contacted the CDCR Dental Department and arranged for a consultation. That department recommended that Plaintiff be placed on Clindamycin empirically until evaluation by an oral surgeon. These allegations do not show deliberate indifference by Dr. Smith. Plaintiff's assertion that immediate care should have been performed at most this suggests a disagreement between him and the doctor regarding treatment.

Plaintiff also alleges that Dr. Krpan failed to ensure immediate medical care for Plaintiff's jaw injury, but he has alleged here that ordered x-rays and a doctor's visit, and has previously alleged that Dr. Krpan also ordered a pureed diet upon diagnosing him with a fracture. Thus, Plaintiff has not shown deliberate indifference by Dr. Krpan. Rather, Plaintiff's allegations suggest that Plaintiff preferred a different treatment, which, as explained above, is not sufficient to state a claim for deliberate indifference to a serious medical need.

Finally, Plaintiff alleges that Drs. McDow and Lor are liable to him for failing to ensure that his surgery was not delayed until June 20, 2014. However, as noted above, Plaintiff affirmatively alleges that these dentists recommended a consultation and set an appointment with an oral surgeon. He also previously alleged that they recommended medication treatment. Plaintiff also alleges that the oral surgeon had to reschedule his clinic until June 20, 2014. Plaintiff does not allege how any defendant in this action were aware of or caused the delay in treatment to Plaintiff, and that they did so in conscious disregard of a known risk to Plaintiff's health. Therefore, Plaintiff has not stated any cognizable claim against Drs. McDow or Lor.

## CONCLUSION AND ORDER

For the reasons discussed above, Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies by amendment, and thus further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 29, 2018**　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE